IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

NATHAN GLOVER, )
 )
    Claimant, )
 )
v. ) CASE NO. CR505-020
 )
UNITED STATES OF AMERICA, )
 )
    Respondent. )
 )

## O R D E R

Before this Court is Claimant Nathan Glover's "Motion Under Rule 41(G) of the Federal Rules of Criminal Procedure Seeking Return of Seized Property." (Doc. 145.) Because there is no evidence or allegation that the Federal Government is in possession of Claimant's property, his Motion is **DENIED**.

Claimant was indicted on December 8, 2005, as part of a conspiracy to distribute more than 50 grams of cocaine base and a quantity of cocaine powder. (Doc. 1.) Subsequently, the case against Claimant was dismissed without prejudice on May 23, 2007, due to a violation of the Speedy Trial Act. (Doc. 138.) On July 3, 2008, Claimant moved, pursuant to Federal Rule of Criminal Procedure 41(g), for the Federal Government to return his personal property. (Doc. 145.) Specifically, Claimant

seeks the return of $5,391.00 in United States Currency taken from him during the course of his two State arrests. (Doc. 145 at 3.) The United States has never possessed the property; rather, the currency was seized and retained by State authorities. (Doc. 146 at 1.)

"The government cannot return property it does not possess, and a motion for the return of illegally-held property must be denied if the government does not possess the property." Charles Allen Wright, Nancy J. King, & Susan R. Klein, 3A Federal Practice and Procedure § 673 (3d ed. 2008); see also United States v. Solis, 108 F.3d 722, 723 (7th Cir. 1997) (holding that where the United States was never in possession of the property, the United States was not the proper party against which to bring suit), United States v. White, 718 F.2d 260, 262 (8th Cir. 1983) (holding that where the United States did not possess the property requested, Claimant's Rule 41(g) motion was properly denied).

Claimant has conceded that his property was taken by the State of Georgia, and neither produces evidence nor alleges that the Federal Government ever possessed the United States Currency in question. (Doc. 145.) Likewise, the United States informs this Court that it never possessed the property, which was seized and retained by

the State of Georgia.[1] (Doc. 146 at 1.) Accordingly, Claimant's Motion is **DENIED**.

SO ORDERED this 8th day of October, 2008.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] This Court is aware that where there is evidence that the Federal Government has at one time possessed the property the Government may not rely on unverified pleadings to prove that they have disposed of the property. United States v. Potes Ramirez, 260 F.3d 1310, 1314 (11th Cir. 2001). However, this case is unlike Potes Ramirez. There, all parties agreed that at one time the Federal Government had possessed the property; the Government was simply asserting that it had later destroyed the property. Here, Claimant's own brief concedes that State, and not Federal, authorities seized the United States Currency upon his arrest. (Doc. 145.) Claimant does not suggest that the Federal Government ever took possession of the Currency, he merely notes that he was convicted in Federal Court. (Id.) Accordingly, Claimant has not met his burden of showing that the Federal Government was ever in possession of his property, and so Potes Ramirez does not apply.